# Exhibit 16



THE CITY OF NEW YORK
OFFICE OF THE MAYOR
NEW YORK, N.Y. 10007

RECEIVED - MANHATTAN
OFFICE OF THE CITY CLERK

2007 APR -4  P 3:03

April 4, 2007

Hon. Victor Robles
City Clerk and Clerk of the Council
Municipal Building
New York, NY 10007

Dear Mr. Robles:

     Pursuant to Section 37 of the New York City Charter, I hereby disapprove Introductory Number 341-A, which would require in the City of New York that only wood bats be used in competitive high school baseball games that include 14 to 17 year-olds as participants. The prohibition includes any organized game officiated by a certified umpire that involves the participation of a public or private school (defined as any school that includes any grade nine through 12) or the sponsorship of such a school. The bill defines a "wood bat" as excluding any baseball bat made in whole or part of metal.

     I share the Council's concern for the safety and well-being of high school athletes. I disagree with its view that Introductory Number 341-A will advance the goal of ensuring that high school baseball games maintain their current competitive and safe levels. Baseball is one of the safest of all the major sports played at the high school level. The risk of injury resulting from batted balls is extraordinarily small. In the City, there is no record of any serious injury resulting from a batted ball.

     Moreover, there is insufficient scientific evidence to support the contention that wood bats are safer than metal bats. In 2002, the Consumer Product Safety Commission completed its study of the relative safety of metal and wood baseball bats and concluded that the available data were insufficient to indicate that non-wood bats posed an unreasonable risk of injury. The Commission found that there was no basis for concluding that injuries produced by balls batted with non-wood bats were more frequent or severe than those involving wood bats. Similarly, organizations that oversee youth baseball, such as American Legion Baseball, found that there was insufficient evidence to conclude that metal bats pose a greater risk of injury.

     In the absence of evidence establishing that a piece of sporting equipment creates a public safety concern, the issue of the most appropriate baseball equipment should be left to those charged with overseeing the sport. In the City, the Board of Education's School Support Services oversees the Public Schools Athletic League, which operates under the National

Federation of State High School Associations. Federation rules provide that metal bats used in competitive baseball games must meet certain standards, including the "ball exit speed ratio" and length/weight differential standards utilized by the National Collegiate Athletic Association, which serve to limit the speed of a ball struck by a metal bat.

Apart from the issue of safety, the bill could very well have the unintended consequence of creating a barrier for some City high school baseball players vying for college baseball scholarships. Colleges and high schools throughout the country use metal bats. Because batting statistics for players using wood bats generally are lower than for those using metal bats (which have a larger "sweet spot"), requiring City baseball athletes to use wood bats would place them at a competitive disadvantage.

In sum, Introductory Number 341-A's ban on metal baseball bats in City high school baseball games is unsupported by any empirical data, and risks placing City high school baseball players at a competitive disadvantage. The bill represents an inappropriate intrusion into an area that should be left to the considered oversight of baseball league officials, who are best suited to address such matters.

Introductory Number 341-A is hereby disapproved.

Sincerely,

Michael R. Bloomberg

cc:  Hon. Christine C. Quinn

NYC0001601