UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

USA BASEBALL, THE NATIONAL HIGH
SCHOOL BASEBALL COACHES ASSOCIATION,
DR. PETER BERG, JUAN HERNANDEZ, DENNIS
CANALE, MEL ZITTER, MICHAEL CRUZ, TIT0
NAVARRO, JOHN TORRES, EASTON SPORTS,
INC., WILSON SPORTING GOODS CO.,
RAWLINGS SPORTING GOODS COMPANY, and
HILLERICH & BRADSBY CO.,

                                                Plaintiffs,

                  -against-

THE CITY OF NEW YORK,

                              Defendant.

------------------------------------------------------------------------ X

**DEFENDANT'S RESPONSES
TO PLAINTIFFS'
STATEMENT PURSUANT
TO LOCAL RULE 56.1 AND
DEFENDANT'S COUNTER
RULE 56.1 STATEMENT OF
MATERIAL UNDISPUTED
FACTS**

No. 07 CV 3605 (JGK) (DFE)

       Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court

for the Southern District of New York, defendant, the City of New York ("City"), submits the

following responses and objections to plaintiffs' Rule 56.1 statement dated May 29, 2007, styled

Plaintiffs' Rule 56.1 Statement of Undisputed Facts In Support of Motion For Summary

Judgment, and  a separate statement of material facts as to which defendant contends there is no

genuine issue to be tried in support of defendant's motion for summary judgment.

### <u>GENERAL STATEMENTS AND OBJECTIONS</u>

       Defendant objects to the plaintiffs' Rule 56.1 Statement as immaterial insofar as

they seek to provide evidence to disprove the evidence relied upon by the City.  Such disputed

allegations do not raise any triable issue of fact that would require a denial of defendant's motion

for summary judgment.  Any statements that are not disputed are not disputed solely for purposes

of this motion.

Defendant objects to the plaintiffs' Rule 56.1 Statement to the extent that plaintiffs fail to provide competent admissible evidence to support their statements. Defendant requests that any statements without valid citation or reference be stricken by the Court.

Defendant objects to the plaintiffs' Rule 56.1 Statement to the extent that plaintiffs' statements state legal contentions, conclusions or interpretations.

Defendant objects to the plaintiffs' Rule 56.1 Statement to the extent that the statements are vague and ambiguous.

Defendant objects to the plaintiffs' Rule 56.1 Statement to the extent that the statements are not identified with specificity.

Defendant objects to plaintiffs' Rule 56.1 Statement to the extent it asserts facts of which only plaintiffs have knowledge and as to which no competent supporting document or testimony has been referenced.

Defendant objects to plaintiffs' Rule 56.1 Statement to the extent that it asserts facts and fails to state relevant time period.

Defendant responds to each of the statements set forth in the plaintiffs' Rule 56.1 Statement utilizing the same numbering sequence as plaintiffs used.

**DEFENDANT'S RESPONSES TO PLAINTIFFS' RULE 56.1 STATEMENTS**

1.    Defendant controverts this statement insofar as the statistics relied upon by plaintiffs are insufficient to support plaintiffs' statement.  See Exs. D26-28;[1] Pl. Ex. 1, Kirby Decl. ¶3.

2.    Defendant controverts this statement insofar as the statistics relied upon by plaintiffs are insufficient to support plaintiffs' statement.  See Exs. D26-28; Pl. Ex. 1, Kirby Decl. ¶3.

3.    Defendant controverts this statement insofar as the statistics relied upon by plaintiffs are insufficient to support plaintiffs' statement.  See Exs. D26-D28; Pl. Ex. 1, Kirby Decl. ¶3.

4.    Defendant controverts this statement.  See Exs. D6, D7.

5.    Defendant does not controvert the first sentence.  Defendant does not controvert the second sentence insofar as high school games in New York City follow the standards adopted by the NCAA and NFHS.  See Pl. Ex. 3, Darby Decl., ¶ 4.

6.    Defendant does not controvert this statement.

7.    Defendant controverts this statement insofar as the data relied upon by plaintiffs are insufficient to support plaintiffs' statement, see Popa Decl., ¶¶ 26, 27; Ex. D6, and the terms "pre-regulation non-wood bats" and "prepared pitcher" are ambiguous terms that plaintiffs do not define.

8.    Defendant does not controvert this statement insofar as anything is possible.

---

[1] All exhibits to the Declaration of Jerald Horowitz, dated June 18, 2007, are referred to in this document as "Ex. D__."

9.    Defendant controverts this statement insofar as the data relied upon by plaintiffs is insufficient to support plaintiffs' statement, see Popa Decl., ¶¶ 26, 27, and the term "pre-regulation non-wood bats" is an ambiguous term that plaintiffs do not define.

10.    Defendant does not controvert this statement.

11.    Defendant controverts this statement insofar as it suggests that metal and non-wood composite bats are preferred in all circumstances.  See Pl. Ex. 9, Berg Decl. ¶ 4; Pl. Ex. 18, Davini Decl. ¶ 8; Popa Decl., ¶¶ 26-36.

12.    Defendant does not controvert this statement.

13.    Defendant controverts this statement insofar as it suggests that the characteristics or performance of metal and non-wood composite bats are similar to wood bats, and the term "uniform" is an ambiguous statement that plaintiffs do not define.  See Popa Decl., ¶¶ 19-25.

14.    Defendant controverts this statement insofar as it suggests that metal bats vary only by wall thickness and material.  See Pl. Ex. 6, Chauvin Decl. ¶6.

15.    Defendant controverts this statement insofar as it suggests that non-wood composite bats vary in their material only in the manner in which the materials are placed together on the bat.  See Pl. Ex. 5, Chou Decl. ¶6.

16.    Defendant controverts this statement.  See Popa Decl., ¶¶ 12-36.

17.    Defendant controverts this statement insofar as it suggests that the characteristics or performance of metal and non-wood composite bats are similar to wood bats. See Popa Decl., ¶¶19-25.

18. Defendant controverts this statement insofar as it suggests that the characteristics or performance of metal and non-wood composite bats are similar to wood bats. See Popa Decl., ¶¶19-25.

19. Defendant does not controvert this statement.

20. Defendant controverts this statement, which in any event is an interpretation of law and not a statement of fact. See Ex. D1 (Local Law 20, § 4).

21. Defendant controverts this statement insofar as it suggests that the characteristics or performance of metal and non-wood composite bats are similar to wood composite bats, and which in any event is an interpretation of law and not a statement of fact. See Popa Decl., ¶¶19-25, 32-36; Ex. D1 (Local Law 20, § 4); Ex. 21.

22. Defendant controverts this statement insofar as it suggests that the characteristics or performance of metal and non-wood composite bats are similar to wood composite bats. See Popa Decl., ¶¶19-25, 32-36.

23. Defendant controverts this statement insofar as it suggests that the characteristics or performance of metal and non-wood composite bats are similar to wood composite bats. See Popa Decl., ¶¶19-25, 32-36.

24. Defendant does not controvert this statement.

25. Defendant controverts this statement insofar as it suggests that the baseball bat standards of Major League Baseball are the same as the standards used for high school play in New York City, and the test is conducted in the same manner. See Popa Decl., ¶¶ 35-36; Ex. D21.

26. Defendant controverts this statement insofar as it is pure speculation.

27. Defendant controverts this statement insofar as the phrase "dozens" is imprecise.

28. Defendant controverts this statement insofar as it is pure speculation.

29. Defendant controverts this statement insofar as it is pure speculation.

## DEFENDANT'S STATEMENTS PURSUANT TO RULE 56.1

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, defendant City of New York, through its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, submits the following Statement of Undisputed Material Facts as to which defendant contends there is no genuine issue to be tried:

30. The Council held hearings for Int. No. 100 (a broader bill prohibiting the use of non-wood bats by minors in competitive baseball games) on September 27, 2002, and for Int. 341-A on October 23, 2006, March 12, 2007 and April 18, 2007 (when the Council voted to override the Mayor's veto). See Popa Decl., ¶¶ 7-11.

31. Local Law 20 of 2007 was enacted on April 18, 2007. See Ex. D2.

32. Some players have been either been mortally or seriously injured from a ball hit off a metal or metal composite ("non-wood") bat in competitive high school level baseball games. See Popa Decl., ¶¶ 26-27.

33. The players referenced in ¶32 did not have enough time to react to the hit ball. See Popa Decl., ¶¶ 26-27.

34. The dimensions of the baseball field were based on human speed and batters hitting with wood bats. Any increase in exit velocity over that of wood changes the game. See Ex. D14.

## The Differences Between Wood and Non-Wood Bats

35. Wood bats are made from a piece of solid wood. See Ex. D14.

-6-

36. Laboratory and field tests show that wood composite bats have similar performance to wood bats but are more durable. See Ex. D25.

37. Non-wood bats make use of metal alloys and advanced technology that can increase performance. See Popa Decl., ¶¶ 19-25.

38. The trampoline effect occurs at the moment of impact, when the bat "barrel flexes and cradles the ball, then rebounds quickly. The result is a ball that's propelled forward with rocket force." See Ex. D3.

39. Metal bats that meet NCAA and NFHS standards have a trampoline effect that can affect performance. See Pl. Ex. 6, Chauvin Decl. ¶ 9; Popa Decl., ¶¶ 19-25.

40. Baseball bats with larger sweet spots (more effective hitting areas) are capable of hitting the ball better and more frequently. See Pl. Ex. 9, Berg Decl. ¶ 4; Pl. Ex. 12, Canale ¶ 7; Pl. Ex. 8, Cruz Decl. ¶ 3; Pl. Ex. 19, Hernandez Decl. ¶ 4; Pl. Ex. 10, Navarro Decl. ¶ 3; Pl. Ex. 7, Torres Decl. ¶ 4; Declaration of Jerald Horowitz, dated June 18, 2007 ("Horowitz Decl."), ¶ 3.

41. Non-wood bats that meet NCAA and NFHS standards have larger sweet spots than wood bats. See Pl. Mem. Of Law at 4 n.1; Pl. Ex. 7, Torres Decl. ¶ 4; Pl. Ex. 8, Cruz Decl. ¶ 3; Pl. Ex. 9, Berg Decl. ¶ 4; Pl. Ex. 10, Navarro Decl. ¶ 3; Pl. Ex. 12, Canale Decl. ¶¶ 7, 8; Pl. Ex. 19, Hernandez Decl. ¶ 4; Exs. D3-D5.

42. The weight can be distributed closer to the handle in non-wood bats than wood bats thus making the bats easier and quicker to swing. See Pl. Ex. 6, Chauvin Decl. ¶ 9; Exs. D3-D5; Popa Decl., ¶¶ 19-23.

43. The weight redistribution described in ¶ 42 can be described as reducing the Moment of Inertia ("MOI"). See Popa Decl., ¶¶ 19-23.

44. Non-wood bats generally have a smaller MOI than a wood bat of comparable length and weight, and therefore can be swung faster. See Popa Decl., ¶¶ 19-23.

45. The accelerated swing speed noted in ¶ 44 results in greater ball exit speed. See Popa Decl., ¶¶ 19-23.

46. Non-wood bats are lighter, easier and quicker to swing than wood bats. See Compl. at 4-5; Pl. Ex. 6, Chauvin Decl. ¶9; Exs. D3-D5; Popa Decl., ¶¶ 19-25.

47. Non-wood bats produce more hits than wood bats. See Compl. at 4-5; Pl. Ex. 9, Berg Decl. ¶4; Pl. Ex. 17, Zitter Decl. ¶7; Exs. D3-D5; Popa Decl., ¶¶ 19-25.

48. Non-wood bats produce an increased number of successful hits than wood bats. See Pl. Ex. 7, Torres Decl. ¶ 4; Pl. Ex. 8, Cruz Decl. ¶ 3; Pl. Ex. 9, Berg Decl. ¶ 4; Pl. Ex. 12, Canale Decl. ¶ 8; Pl. Ex. 22, Greenwald Decl. ¶8; Exs. D3-D5; Popa Decl., ¶¶ 19-25.

49. Plaintiff Rawlings advertises its Liquidmetal bats, which meet the current NCAA and NFHS standard, as follows: "returns 29% more energy upon ball impact" and has "20% more trampoline and a 30% larger sweet spot than competitive models." Ex. D3. "Upon ball impact, the Transmitter allows the fused Liquidmetal and carbon fiber to work together to deliver maximum velocity" and "[t]he result is a ball that's propelled forward with rocket force." Horowitz Decl., ¶ 4; Ex. D3.

50. Plaintiff Rawlings advertises its Rush bat, which meets the current NCAA and NFHS standard, as follows:  "The all-new Rush bat is about uninhibited power. . . . The Rush Comp features a monster barrel that crushes like a war club.  Both [Rush bats] are optimized to deliver a knock-out blow in the split second moment of impact.  The result?  The most technologically advanced weapon on the field." Horowitz Decl., ¶ 4; Ex. D3.

51. Plaintiff Easton advertises some of its bats, which meet the current NHFS/NCAA standard, as follows: "Patented ConneXion acts like a hinge to provide the most efficient energy transfer from handle to barrel for maximum bat head 'whip' for a quicker bat and more power through the hitting zone." Horowitz Decl., ¶ 5; Ex. D4.

52. Plaintiff Louisville Slugger advertises some of its bats, which meet the current NHFS/NCAA standard, as follows: "A stiff handle produces more barrel flex, resulting in maximum trampoline effect and, ultimately, greater performance." Horowitz Decl., ¶ 6; Ex. D5.

## NCAA and NFHS Standards

53. Currently, baseball players in high-school sponsored leagues in New York City must use bats that meet standards adopted by the National Federation of High Schools (NFHS), which has in turn adopted the same standards established by the National Collegiate Athletic Association (NCAA). See Pl. Ex. 3, Darby Decl., ¶4.

54. Current NCAA and NFHS bat standards differ from recommendations originally made by the NCAA's Baseball Rules Committee, the NCAA's Baseball Research Panel, the NCAA's Executive Committee, and the NFHS Rules Committee. See Ex. D1 at 3-10.

55. The current NCAA and NFHS bat exit speed standard is 97 m.p.h. See Ex. D1 at 3-10.

56. Before the current NCAA bat standards were implemented, the NCAA recommended that the ball exit speed standard should be 93 m.p.h, plus or minus 1 m.p.h. for variation. See Ex. D1 at 3-10; Ex. D6.

57. The NCAA Baseball Rules Committee received information that a collegiate pitcher needs approximately .4 seconds to react and move to avoid being struck by a batted ball. See Ex. D1 at 3-10; Ex. D6.

58. The NCAA Baseball Rules Committee determined that the ball exit speed that matches a reaction time of .4 seconds is 93 m.p.h. See Ex. D1 at 3-10; Ex. D6.

59. The NCAA protocol for testing bats does not include direct comparisons of metal and metal composite bats with wood bats for each bat tested. See Ex. D21.

**Player Development**

60. Wood bats are tied to a baseball player's growth and development. MLB Protocol. See Popa Decl., ¶¶ 28-31.

61. Many baseball players that play with non-wood bats practice with wood bats to improve their skills. See Popa Decl., ¶ 31.

62. Scouts for professional teams attend all-wood collegiate league games in order to observe a player's batting and pitching talent. See Popa Decl., ¶ 30.

**Leagues That Have Switched To Wood**

63. Several leagues across the country have switched from non-wood bat play to wood-only bat play. See Ex. D23.

64. These leagues have switched in whole or in part for the following reasons: player safety; to preserve the tradition and integrity of the game; and player development. See Ex. D23.

**Major League Baseball**

65. Major League Baseball (MLB) oversees elite professional baseball play in the United States. See Pl. Ex. 21.

66. MLB has a strict wood-only baseball bat policy for major league play. <u>See</u> Ex. D21.

67. MLB's interests are to protect the safety of its players and the traditions and integrity of the game of baseball. <u>See</u> Pl. Ex. 21.

68. MLB allows, in certain Minor League play, the use of wood composite bats. <u>See</u> Ex. D21; Popa Decl., ¶ 36.

69. The MLB bat testing protocol for wood composite bats consists of standards and tests not used by the NCAA and NFHS. <u>See</u> Ex. D21; Popa Decl., ¶ 36.

70. The MLB protocol includes the requirement that wood composite bats must have physical properties similar to bats made from a single piece of wood, including weight, barrel diameter, length, moment of inertia, modal properties, strength and stiffness. <u>See</u> Ex. D21; Popa Decl., ¶ 36.

71. The MLB testing includes direct comparisons of wood to wood composite bats for each bat tested. <u>See</u> Ex. D21; Popa Decl., ¶ 36.

Dated:      New York, New York
            June 18, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 5-189
                              New York, New York 10007
                              (212) 442-0580

                              By: _____
                                  Jerald Horowitz (JH 8395)
                                  Assistant Corporation Counsel

Index No. 07 CV 3605 (JGK) (DFE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USA BASEBALL, THE NATIONAL HIGH
SCHOOL BASEBALL COACHES
ASSOCIATION, DR. PETER BERG, JUAN
HERNANDEZ, DENNIS CANALE, MEL
ZITTER, MICHAEL CRUZ, TITO NAVARRO,
JOHN TORRES, EASTON SPORTS, INC.,
WILSON SPORTING GOODS CO., RAWLINGS
SPORTING GOODS COMPANY, and ILLERICH
& BRADSBY CO.,

                                                    Plaintiffs,

                        -against-

THE CITY OF NEW YORK,

                                                    Defendant

DEFENDANT'S RESPONSES TO PLAINTIFFS'
STATEMENT PURSUANT TO LOCAL RULE 56.1 AND
DEFENDANT'S COUNTER RULE 56.1 STATEMENT
OF MATERIAL UNDISPUTED FACTS

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*Address for Service of Papers*
*100 Church Street, Room 5-189*
*New York, N.Y. 10007*

*Of Counsel: Jerald Horowitz*
*Tel: (212) 442-05890*
*NYCLIS No.2007-015516*