John F. Collins (JC 9324)
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000

David A. Ettinger (P26537)
Jeffrey H. Kuras (P66036)
HONIGMAN, MILLER, SCHWARTZ AND COHN, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
(313) 465-7368

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

USA BASEBALL, THE NATIONAL HIGH
SCHOOL BASEBALL COACHES ASSOCIATION,
DR. PETER BERG, JUAN HERNANDEZ, DENNIS
CANALE, MEL ZITTER, MICHAEL CRUZ, TITO
NAVARRO, JOHN TORRES, EASTON SPORTS,
INC., WILSON SPORTING GOODS CO.,
RAWLINGS SPORTING GOODS COMPANY, and
HILLERICH & BRADSBY CO.

                                     Plaintiffs,

             - against -

CITY OF NEW YORK,

                                 Defendant.

-------------------------------------------------------------X

Civil Action No. 07-CV-3605

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S COUNTER-
RULE 56.1 STATEMENT OF
MATERIAL UNDISPUTED
FACTS**

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiffs submit the following Response to Defendant's Statement of Undisputed Material Facts:

30-32.  Undisputed.

33.  Plaintiffs dispute Defendants' Statement 33, because the evidence cited by Defendant does not support the Statement. *See* Popa Decl. ¶¶ 26-27.  The evidence is insufficient to determine whether or not the players in question had enough time to react or any other facts regarding the reason for their injury.

34.  Plaintiffs dispute Statement 34. *See* Defendant's Ex. D-14.  There is no evidence in the record regarding the history of developments of the dimensions of baseball fields and how those dimensions are determined, and the article cited by Defendants do not provide such evidence.

Plaintiffs object to the Statement that "any increase in exit velocity over that of wood changes the game," because it is apparently meant as metaphorical rather than literal. Baseball games are changed by a multitude of factors, including the equipment used, quality of the players, characteristics of the particular field, and characteristics of the ball.  Beyond that literal Statement (which is of no relevance here), Defendant's assertion is not specific or meaningful.

35.  Undisputed.

36.  Plaintiffs object to Statement 36 because it is ambiguous through its use of the word "similar."  Plaintiffs also dispute Statement 36, and further state that all metal and nonwood composite bats approved for high school play under NCAA and NFHS regulations

2

have performance similar to wood in terms of the exit speed of balls hit off the bat.  See Chauvin

Second Decl. at ¶ 16.

   Plaintiffs further dispute the implication of Statement 36 that laboratory and field

tests show that wood composite bats generally have any particular characteristics.  In fact, wood

composite bats can have the same characteristics as nonwood composite bats, depending upon

their composition.  See Chauvin Decl. at ¶ 11, Chou Decl. at ¶¶ 5, 8.  Moreover, the source cited

by Defendant, which references tests performed more than 15 years ago, involves long

abandoned metal and wood bats, including metal bats that long predate current BESR

regulations, and which could not be approved under current regulations.  Additionally, the study

compared performance of a particular model of composite bat whose characteristics are not

described.  It is not even clear from the study whether the bat was a wood composite or nonwood

composite bat.  Finally, the study showed that the composite bat outhit wood bats at certain

distances from the end of the barrel.  See Exhibit D-25 at 12.  For these reasons, Exhibit D-25

itself refutes the assertions of Statement 36.

  37. Not disputed.

  38. Plaintiffs dispute the description offered by the City, which is taken from an

advertisement, and contains the advertising hyperbole.  In fact, the trampoline effect is simply

one effect of metal bats, which can be offset by other effects of wood bats, such as handle flex.

See Chauvin Decl. at ¶ 9.

  39. Not disputed.

  40. Plaintiffs dispute Statement 40, insofar as the phrase "hitting the ball better . . ."

implies greater exit speed.  *See* Berg Del. at ¶ 4; Canale Decl. at ¶ 7, Cruz Decl. at ¶ 3;

3

Hernandez Decl. at ¶ 4; Navarro Decl. at ¶ 3; Torres Decl. at ¶ 4. The cited declarations explain in detail that bats with larger sweet spots do not hit the best hits any faster than do wood bats, but will more frequently result in good hits. *Id.* If that is what Defendant intends to state by Statement 40, it is not disputed.

     41.     Plaintiffs dispute Statement 41, because nonwood bats that meet NCAA and NFHS standards may or may not have larger sweet spots than wood bats. See Chauvin Second Decl. at ¶ 3.

     42.     Not disputed.

     43.     Not disputed.

     44.     Not disputed.

     45.     Plaintiffs dispute Statement 45. It is well established that bats with lesser weight or MOI may be swung faster, but apply less mass to the ball. In the field, these two effects generally cancel each other out, and do not result in any greater performance. Chauvin Second Decl. at ¶¶ 13-14 and exhibits cited therein.

     46.     Plaintiffs dispute Statement 46. Plaintiffs do not dispute that many nonwood bats are lighter, easier and quicker to swing than many wood bats, but this can vary, depending upon the particular bat. Greenwald Decl. at ¶¶ 4-5.

     47.     Plaintiffs dispute Statement 47. Because of the wide variation in the characteristics of wood and nonwood bats, Greenwald Decl. at ¶¶ 4-5, Chou Decl. at ¶¶ 6-7, Chauvin Decl. at ¶ 12, one cannot generalize and say that all nonwood bats as a class produce more hits than wood bats.

4

48.    Plaintiffs dispute Statement 48.  Because of the wide variation in the characteristics of wood and nonwood bats, Greenwald Decl. at ¶¶ 4-5, Chou Decl. at ¶¶ 6-7, Chauvin Decl. at ¶ 12, one cannot generalize and say that all nonwood bats as a class produce a greater number of successful hits than wood bats.

49-52.  Undisputed.

53.    Not disputed.

54.    Plaintiffs object to Statement 54 as ambiguous.  If Statement 54 is intended to mean that current NCAA and NFHS bat standards differ from certain recommendations made in the late 1990s with regard to bat standards, then Plaintiffs do not dispute this Statement, because the bat standards have been changed and refined on numerous occasions.  Moreover, none of these bodies' recommendations were followed in every case, and the listed bodies disagreed among themselves in their recommendations in a number of cases.  If Statement 54 is interpreted as saying that the recommendations that the current standards differ from the recommendations made by all these bodies, that is patently incorrect, and Plaintiffs dispute that statement.  See Chauvin Second Decl. at ¶¶ 5-11, and exhibits cited therein.  Moreover, the documents cited by Defendant do not support its assertion.  Moreover, the support Defendant cites for Statement 54, Ex. D-1 at 3-10, the Youth Services Committee Report, itself is not evidence of anything, and consists of an inaccurate and selective rendition of the NCAA's actions.  *See* Chauvin Second Decl. at ¶¶ 5-11.

55.    Plaintiffs dispute Statement 55.  See Chauvin Second Decl. at ¶ 10.  In fact, there is no single exit speed associated with many bats, because exit speed varies depending on swing speed and pitch speed of the bat.  The BESR standard describes a relationship between these

5

factors.  The bat exit speed standard is 97 mph only for one of many possible combinations of swing and pitch speed.  Therefore, the Statement is false.  *Id.* at ¶ 10.

56.    Plaintiffs dispute Statement 56.  In fact, before the current NCAA bat standards were adopted, there were a number of earlier standards.  See Chauvin Second Decl. at ¶¶ 5-6. Before any NCAA exit speed standards were adopted, the NCAA Baseball Rules Committee recommended, in succession, bat exit speed limits of 97, 95 and 93 mph, all based on inaccurate information provided by nonscientists.  *Id.* at ¶ 7, and exhibits cited therein.

57.    Plaintiffs dispute Statement 57.  In fact, the Baseball Rules Committee was provided with a figure of .4 seconds, but it did not come from any actual scientific study. Chauvin Second Decl. at ¶ 7 and exhibits cited therein.

58.    Plaintiffs dispute Statement 58.  In fact, as the NCAA itself later admitted, see Chauvin Second Decl. at ¶ 7, the NCAA's determination that 93 mph matches a reaction time of .4 seconds was based upon an elementary physics error, failing to account for the fact that the ball slows down due to air resistance.  When that physics error is corrected, the appropriate figure, even assuming the .4 second reaction time figure was correct, is 97 mph, the same figure that the City attacks.  *Id.*

59.    Plaintiffs dispute Statement 59.  The NCAA Protocol, just like the Major League Baseball Protocol which uses the very same testing method, is based on a determination of the BESR for the best Major League wood bats and a testing of each bat model against that number. Chauvin Second Decl. at ¶ 16.

6

60.     Plaintiffs dispute Statement 60.  Many players prefer to play with metal bats, and develop their skills well with metal bats.  Cruz Decl. at ¶ 5; Navarro Decl. at ¶ 3; Torres Decl. at ¶ 4.

61.     Undisputed.

62.     Undisputed.

63.     Undisputed.  Plaintiffs add that these "several" leagues are out of hundreds across the United States that have *not* switched from nonwood bat play to wood bat play.  Seiler Decl. at ¶¶ 2-6.

64.     Plaintiffs dispute Statement 64 in part.  Plaintiffs agree that a few leagues have switched in whole or in part because of their perception that this could preserve the integrity of the game, how players develop or increase player safety.  However, there is no evidence that player safety would in fact be increased by such actions.  See generally Verhalen Decl., Kirby Decl., Breen Decl.

65.     Undisputed

66.     Undisputed.

67.     Plaintiffs dispute Statement 67.  Major League Baseball's goals as described in its protocol, see Ex. M to Chauvin Second Decl., are to utilize bats that best simulate the wood bat game which Major League Baseball has adopted.  Major League Baseball has never articulated any goals that extend beyond its own game.

68.     Undisputed.

DETROIT.2676418.5

69.     Plaintiffs dispute Statement 69 in part.  The Major League Baseball bat testing protocol includes the very same exit speed tests as utilized by the NCAA.  See Ex. A to Chauvin Decl.

70.     Undisputed.

71.     Undisputed, with the meaning as described in response 59, above.


Dated: New York, New York
        June 29, 2007

                                    HONIGMAN MILLER SCHWARTZ
                                    & COHN LLP

                                    By: _____
                                        David A. Ettinger (P26537)
                                        Jeffrey H. Kuras (P66036)
                                        A Member of the Firm
                                    2290 First National Building
                                    660 Woodward Avenue
                                    Detroit, Michigan 48226
                                    (313) 465-7368


                                    DEWEY BALLANTINE LLP


                                        John F. Collins (JC-9324)
                                        A Member of the Firm
                                    1301 Avenue of the Americas
                                    New York, New York 10019
                                    (212) 259-8000

                                    Attorneys for Plaintiffs


TO:     Jerald Horowitz (JH8395)
        Assistant Corporation Counsel
        The City of New York
        Law Department

                                    8

100 Church Street, Room 5-189
New York, NY 10007

Attorney for Defendant

DETROIT.2676418.5