Index No. No. 07 CV 3605 (JGK) (DFE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USA BASEBALL, THE NATIONAL HIGH
SCHOOL BASEBALL COACHES ASSOCIATION,
DR. PETER BERG, JUAN HERNANDEZ, DENNIS
CANALE, MEL ZITTER, MICHAEL CRUZ, TIT0
NAVARRO, JOHN TORRES, EASTON SPORTS,
INC., WILSON SPORTING GOODS CO.,
RAWLINGS SPORTING GOODS COMPANY, and
HILLERICH & BRADSBY CO.,

Plaintiffs,

-against-

THE CITY OF NEW YORK,

Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANT'S REPLY DECLARATION

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*

*Attorney for Defendant*
*100 Church Street, 5-189*
*New York, N.Y. 10007*

*Of Counsel: Jerald Horowitz*
*Tel: (212) 442-0589*
*LM No.2007-015516*

GABRIEL TAUSSIG,
JERALD HOROWITZ,
    Of Counsel

LAUREN G. AXELROD,
ALVIN L. BRAGG, JR.,
LAURA J. POPA,
        On the Memorandum.

July 18, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

USA BASEBALL, THE NATIONAL HIGH
SCHOOL BASEBALL COACHES ASSOCIATION,
DR. PETER BERG, JUAN HERNANDEZ, DENNIS
CANALE, MEL ZITTER, MICHAEL CRUZ, TITO
NAVARRO, JOHN TORRES, EASTON SPORTS,          No. 07 CV 3605 (JGK)(DFE)
INC., WILSON SPORTING GOODS CO.,
RAWLINGS SPORTING GOODS COMPANY, and
HILLERICH & BRADSBY CO.,

                                                Plaintiffs,

                -against-

THE CITY OF NEW YORK,

                               Defendant.

------------------------------------------------------------------------ X

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANT'S REPLY DECLARATION

### PRELIMINARY STATEMENT

       Defendant, the City of New York (the "City"), respectfully submits this

memorandum of law in opposition to plaintiffs' motion to strike paragraphs 4-7 of the Reply

Declaration of Jerald Horowitz ("Reply Horowitz Decl.") in support of defendant's motion for

summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure on all of

plaintiffs' claims, and in opposition to plaintiffs' motion for a preliminary injunction and

summary judgment.[1]

---

[1] In moving to strike the Reply Horowitz Decl., plaintiffs limits its arguments to paragraphs 4-7 of that declaration. Therefore, because the plaintiffs make no arguments as to paragraphs 1-3 and 8, those statements, and documents referenced therein, should not be stricken.

Plaintiffs challenge on federal constitutional and other grounds the enactment of Local Law 20 of 2007, which regulates the types of baseball bats that may be used in competitive high school baseball games in the City. Defendant's opening and reply briefs set forth numerous grounds for summary judgment to be granted in its favor. Nothing in plaintiffs' answering brief has salvaged any of their claims. Indeed, plaintiffs' lack of confidence in their claims is underscored by their submission, with their motion to strike, of a second declaration from plaintiff Dennis Canale containing additional factual allegations that are, in any event, unavailing. As discussed below, the statements made in the Reply Horowitz Decl. are competent for consideration on summary judgment.

## ARGUMENT

### DEFENDANT'S STATEMENTS ARE COMPETENT TO SUPPORT ITS MOTION FOR SUMMARY JUDGMENT.

Plaintiffs move to strike certain statements made in the Reply Horowitz Decl. because the statements were based on allegedly hearsay evidence obtained from high school baseball schedules posted on "third-party websites." See Pl. Mem. at 1. Contrary to plaintiffs assertion, the evidence presented on the City's motion for summary judgment is competent.[2]

On summary judgment, supporting or opposing affidavits are required to "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. Rule 56(e). This requirement has been interpreted to mean that hearsay evidence may properly be set forth in a Rule 56(e) affidavit if the evidence would be admissible if testified to at trial. H. Sand & Co. v.

---

[2] In a letter to the Court dated July 16, 2007, plaintiffs stated that the motion to strike is "related and relevant to plaintiffs' previously filed motions for summary judgment and preliminary injunction and we respectfully request that you consider it as you are deciding those other motions."

Airtemp Corp., 934 F.2d 450, 454-455 (2d Cir. 1991) (upholding the use of purported hearsay documents attached to affidavit of attorney who had no personal knowledge).

The facts offered in the Reply Horowitz Decl. concerning the number of games played by City high school teams is admissible under the residual hearsay exception. See FRE Rule 807. The published baseball schedules of the high school teams affected by Local Law 20 is the most probative evidence of the number games played against out-of-state teams that the defendant can *reasonably* procure in lieu of producing 281 affidavits for each of the teams attesting to the games played. See Reply Horowitz Decl., ¶ 5. Moreover, the schedules relied upon offer sufficient guarantees of trustworthiness because they are published on the official websites maintained in the ordinary course by the high school organizations in question.[3]  See Chase Manhattan Bank v. Traffic Steam (BVI) Infrastructure Ltd., 86 F. Supp. 2d 244, 254 (S.D.N.Y. 2000) (upholding use of hearsay newspaper article under FRE Rule 807); In re Wordcom, Inc., 357 Bankr. 223, 227-229 (S.D.N.Y. 2006) (use of document freely available on SEC's website meets Rule 56(e) requirements).   Alternatively, the high school baseball schedules referenced in the Reply Horowitz Decl. can be "reducible to admissible form" with the appearance of the individuals responsible for creating or maintaining the team's schedules to testify as to the respective documents thereby meeting requirements of the business record exception to hearsay rule. See FRE Rule 803(6); Celestino v. Montauk Club, 2000 U.S. Dist. LEXIS 21845, *83-88 (E.D.N.Y. February 13, 2002) (citations omitted).

Plaintiffs also contend that the tabulation of games played was inaccurate. Such an argument does not alter its admissibility.   Indeed, the tabulation of 283 schedules is

---

[3] For instance, PSAL's 2007 Baseball Rules And Regulations has a rule that states "no change is official until it has been changed on the schools schedule posted on the web."   See http://www.psal.org/psalsports/articles/psal_stories.aspx?storyid=4190.

3

authorized by Fed. R. Evid. 1006 ("The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court."). See United States v. Yousef, 327 F.3d 56 (2d Cir. 2003) (government properly used telephone summary charts culled from voluminous set of records); Tamarin v. Adam Caterers, 13 F.3d 51, 53 (2d Cir. 1993) (affirming summary judgment even though estimates of defendant-employer's payroll records in Fed. R. Evid. 1006 summary "were at best undocumented, and at worst, speculative").[4]

In any event, by quibbling over a few games against out-of-state opponents that may not have been reported on the websites, none of plaintiffs' papers dispute the more significant fact that the overwhelming majority of high school baseball games were played against in-state opponents. See Reply Horowitz Decl., ¶ 4. Placed in this context, plaintiffs' original statement that New York City high schools play "dozens" of games against out-of-state teams -- the only evidence offered to support their interstate commerce claim – does not remotely meet their burden on that claim, assuming the Court need reach that level of analysis. See First Canale Decl. ¶ 13.

---

[4] Plaintiffs' reference to Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993) is inexplicable. The tabulation of the number of baseball games played by City high school baseball teams is not being offered by an expert nor is an expert's analysis required. This is simple addition of straightforward lists of games played. See Tamarin, 13 F.3d at 53 (testimony by accountant allowed because "payroll records are straightforward lists of names and hours worked").

## CONCLUSION

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S REPLY DECLARATION SHOULD BE DENIED.

Dated:    New York, New York
          July 18, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 5-189
New York, New York 10007
(212) 442-0589

By:    _____
       Jerald Horowitz (JH8395)
       Assistant Corporation Counsel
       Administrative Law Division

GABRIEL TAUSSIG,
JERALD HOROWITZ,
                Of Counsel.
LAUREN G. AXELROD,
ALVIN L. BRAGG, JR.,
LAURA J. POPA,
                On the Memorandum.

5

## **Certificate Of Service**

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil

Procedure by hand delivery on July 18, 2007 upon:

> John F. Collins
> Dewey Ballantine LLP
> 1301 Avenue of the Americas
> New York, New York 10019


Dated:     New York, New York
           July 18, 2007

                                        _____
                                        Jerald Horowitz (JH8395)