# DEWEY BALLANTINE LLP

1301 AVENUE OF THE AMERICAS
NEW YORK 10019-6092
TEL 212 259-8000  FAX 212 259-6333

JOHN F. COLLINS
212 259-7080
john_collins@deweyballantine.com

August 3, 2007

BY HAND

Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1030
New York, NY 10007-1312

    Re: U.S.A. Baseball, et al v. City of New York, et al
       Case No. 07 Civ. 3605 (JGK)(DFE)

Dear Judge Koeltl:

  This brief letter is in response to certain issues raised at oral argument:

1. A question was raised as to the "ripeness" of Plaintiffs' challenge of the delegation to Major League Baseball ("MLB") of the rules with regard to wood composite bats. Under the controlling case law, the issue is clearly ripe.

  "[T]he ripeness inquiry focuses on whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1212 (11th Cir. 1995). Courts evaluate two factors to determine ripeness: whether the case is fit for judicial review and hardship. *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 581 (1985). Both are clearly met here.

  Purely legal challenges are always fit. When the "issue presented in the case is purely legal, and will not be clarified by further factual development," it is considered fit for adjudication. *Id.*

  In this case, of course, Plaintiffs' challenge is purely legal. It depends only upon the language of the Bat Ordinance, and nothing more. The Bat Ordinance permits wood composite bats which are "approved by Major League Baseball, pursuant to such organization's official rules. . . ." It is that language alone that creates the constitutional infirmity, without the need for determination of a single extrinsic fact.

Honorable John G. Koeltl
August 3, 2007
Page 2

Indeed, the legal issue would be identical whether or not MLB had already changed its rules as of the time of Plaintiffs' motion. It is the potential for such changes, not the fact of such changes, that creates the violation. *See, e.g., People v. Mobil Oil Corp.*, 101 Misc. 882, 887, 422 N.Y.S. 2d 589 (1979) ("The County has relinquished all control over the ordinance . . . to the National Fire Protection Association, and whatever standards *might be adopted by that association in the future* are automatically the law of the County . . .") (emphasis added).

Hardship is also satisfied here. "Where the legal issue presented is fit for judicial resolution, and where a regulation requires an immediate and significant change in the plaintiffs' conduct of their affairs with serious penalties attached to noncompliance, hardship has been demonstrated and access to the courts must be permitted." *Suitum v. Tahoe Regional Planning Agency*, 520 U.S. 725, 743-44 (1997) (internal quotations omitted). Because the Bat Ordinance requires Plaintiffs to make significant changes in the conduct of their affairs, Plaintiffs satisfy the hardship requirement.

2. Nor could the Bat Ordinance be construed to eliminate the ability of the delegee, MLB, to change its rules. The Supreme Court has made clear that courts may not rewrite the plain meaning of a statute in order to make it constitutional. While "[s]tatutes should be construed to avoid constitutional questions . . . this interpretative canon is not a license for the judiciary to rewrite language enacted by the legislature." *Salinas v. U.S.*, 522 U.S. 52, 59-60 (1997). That is because the rule of statutory construction that interpretations avoid constitutional infirmities does "not apply when a statute [i]s unambiguous." *Id.* at 60. The Supreme Court further explained that "[a] statute can be unambiguous without addressing every interpretive theory offered by a party. It need only be 'plain to anyone reading the Act' that the statute encompasses the conduct at issue." *Id.*

The language here is certainly that plain. It says "pursuant to such organization's official rules." It certainly does not include the language the City suggests, "under the specific standards that were before the Council at the time of the enactment of the law." Defendants' Reply Memorandum of Law in Support of its Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment and a Preliminary Injunction at footnote 8. Any effort to construe this language as referencing MLB's rules as of any particular date (which is, of course, not currently identified in the Bat Ordinance) would involve rewriting, not construing, the Ordinance.

3. The City for the first time at oral argument claimed without any support in the record that it would be too costly for it to regulate the characteristics of bats. In fact, as the enclosed declarations make clear, this is obviously false. Many baseball leagues already regulate bats in this way, and incur no costs at all by doing so. They achieve this by charging the bat manufacturers for the costs

related to testing. Third Chauvin Decl. ¶ 4, Keener Decl. at ¶ 2, attached hereto. There is no reason that the City could not do the same, as it currently taxes numerous individual products, including, for example, coin operated amusement devices. Rules of the City of New York Title 19, § 5-02.

Respectfully,

John F. Collins

cc (by hand w/encl.): Jerald Horowitz, Esq.

John F. Collins (JC 9324)
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000

David A. Ettinger (P26537)
Jeffrey H. Kuras (P66036)
HONIGMAN, MILLER, SCHWARTZ AND COHN, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
(313) 465-7368

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
USA BASEBALL, THE NATIONAL HIGH
SCHOOL BASEBALL COACHES ASSOCIATION,
DR. PETER BERG, JUAN HERNANDEZ, DENNIS
CANALE, MEL ZITTER, MICHAEL CRUZ, TITO
NAVARRO, JOHN TORRES, EASTON SPORTS,
INC., WILSON SPORTING GOODS CO.,
RAWLINGS SPORTING GOODS COMPANY, and
HILLERICH & BRADSBY CO.

          Plaintiffs,

   - against -          Civil Action No. 07-CV-3605

CITY OF NEW YORK,

         Defendant.
-----------------------------------------------------------X

### THIRD DECLARATION OF DEWEY CHAUVIN

I, Dewey Chauvin, depose and state as follows:

DETROIT.2723898.3

1.     I am the Director of Baseball Bat Engineering for Easton Sports, Inc. ("Easton"). I have held this position for 7 years. I have worked in the production and manufacture of baseball bats for over 15 years. If sworn as a witness, I could testify competently to the facts contained herein.

2.     Easton manufactures several different kinds of bats, including wood bats, metal bats, and non-wood composite bats. As part of my duties as Director of Bat Engineering, I am responsible for the construction and design of all Easton bats, including its metal and non-wood composite bats.

3.     Each adult non-wood baseball and softball bat models sold is regulated by at least one of several baseball or softball associations. My responsibilities include testing our bat models to ensure we meet the specifications set forth by these associations.

4.     These associations include, among others, the National Collegiate Athletic Association ("NCAA"); the National Federation of State High School Associations ("NFHS"), the United States Specialty Sports Association ("USSSA"), Little League Baseball, Dixie League Baseball, the National Softball Association, and the International Softball Federation ("ISF"). Each of these organizations requires Easton, or any other manufacturer that wishes to have its bats approved, to pay the costs incurred in testing its bats to determine if they meet the organization's standards.

I declare under penalty of perjury that the foregoing is true and correct.

This 2nd day of August, 2007.

DEWEY CHAUVIN

2

DETROIT.2723898.3

John F. Collins (JC 9324)
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000

David A. Ettinger (P26537)
Jeffrey H. Kuras (P66036)
HONIGMAN, MILLER, SCHWARTZ AND COHN, LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
(313) 465-7368

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
USA BASEBALL, THE NATIONAL HIGH
SCHOOL BASEBALL COACHES ASSOCIATION,
DR. PETER BERG, JUAN HERNANDEZ, DENNIS
CANALE, MEL ZITTER, MICHAEL CRUZ, TITO
NAVARRO, JOHN TORRES, EASTON SPORTS,
INC., WILSON SPORTING GOODS CO.,
RAWLINGS SPORTING GOODS COMPANY, and
HILLERICH & BRADSBY CO.

                                          Plaintiffs,

        - against -                                    Civil Action No. 07-CV-3605

CITY OF NEW YORK,

                                          Defendant.
-------------------------------------------------------------X

## DECLARATION OF STEPHEN KEENER

Stephen Keener states as follows:

1. I am the President and CEO of Little League Baseball. I have been in this position since 1998 and worked at Little League Baseball since 1980. As such, I am responsible for the overall operations off Little League Baseball. If sworn as a witness, I could testify competently to the facts in this Declaration.

2. Little League Baseball requires that all bats used in Little League be tested for performance to assure that they comply with the "Bat Performance Factor" or BPF, a test which measures the relative exit speed of balls hit off bats. This activity does not involve any cost to Little League, because we require that the manufacturers pay the testing costs for their bats. The testing is done by Dr. Richard Brandt, a New York physicist, who receives the bats from the manufacturers, and tests them. Little League receives sample tested bats and Dr. Brandt's report, at the manufacturers' expense.

3. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 2nd day of August, 2007.

_____
Stephen Keener