

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Room 5-189
NEW YORK, NY 10007

JERALD HOROWITZ
Senior Counsel

Tel: (212) 442-0589
Fax:(212) 791-9714
email: jhorowit@law.nyc.gov

August 8, 2007

**BY ECF AND TELECOPY**
Hon. John G. Koeltl
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: U.S.A. Baseball, et al. v. City of New York,
07 Civ. 3605 (JGK)(DFE)

Your Honor:

Pursuant to this Court's order endorsed on August 3, 2007, we write to respond to plaintiffs' unauthorized submission of a letter and two declarations of the same date. Plaintiffs attempt to reargue matters that were already fully briefed and presented to the Court at oral argument on August 1, 2007. Plaintiffs make three separate points in their letter, all of which essentially ask this Court to second guess the City's policy decision to adopt the standards of Major League Baseball ("MLB") for the selection of wood composite baseball bats to be used in competitive high school play in the City.

Plaintiffs' submission ignores the crucial issue here. The adoption of MLB's standards is narrow and based upon MLB's relevant expertise. As such, and as was fully and previously presented by the City, Local Law 20 of 2007 is a lawful exercise of legislative authority. See Royal Ins. Co. of America v. Ru-Val Electric Corp., 918 F. Supp. 647, 654 (E.D.N.Y. 1996) ("Municipalities affirmatively adopt the [National Electrical Code] and retain the authority to modify or repeal ordinances."); Town of North Hempstead v. Exxon Corp., 98 Misc.2d 194 (Sup. Ct. Nassau Co. 1979, rev'd on other grounds, 73 A.D.2d 377 (2d Dep't 1980), rev'd on other grounds, 53 N.Y.2d 747 (1981) (upholding local ordinance that, among other

things, adopted standards set by the Underwriters' Laboratories, Inc. or Factory Mutual Engineering Division for dispensing devices to be used in self-service gasoline stations). Accordingly, whether MLB's standards will change is of no moment.

Further, it is undisputed that specific MLB standards were considered by the Council. Therefore, given that plaintiffs do not dispute that those standards have remained in effect, Local Law 20 should be upheld even if the Court were to accept plaintiffs' argument that private delegations are limited only to incorporation of highly specific, fixed standards. See Tr. 8/1/07 at 30-32. Indeed, this interpretation of the statute is required under basic, statutory construction principles and is by no means a "rewriting" of the statute. See Def. Reply Mem. at page 6, fn 8.

Finally, plaintiffs' declarations concerning costs of testing (not developing standards), are beside the point. It is common sense that it would be more costly for the City to develop its own standards, and that such costs can be avoided by adopting MLB's standards. Furthermore, plaintiffs' suggestion that bat manufacturers should be entrusted to test bats on behalf of the City ignores the importance of the performance of such tests by independent entities not under the control or direction of the bat manufacturers or others who have a pecuniary interest in the outcome of those tests.

Respectfully submitted,

Jerald Horowitz (JH8395)
Assistant Corporation Counsel

Cc: John F. Collins, Esq.